UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WANDA TATE,                                          :
                                                     :          **DECISION AND ORDER**
                              Plaintiff,             :          20-CV-5762 (WFK)
                                                     :
                 v.                                  :
                                                     :
COMMISSIONER OF SOCIAL SECURITY,                     :
                                                     :
                              Defendant.             :
----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**  On November 10, 2013, Wanda Tate ("Plaintiff") protectively filed for social security disability insurance ("SSDI") benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 301-1307 (1940), alleging a disability onset date of December 4, 2012.  Administrative Transcript ("Tr."), ECF No. 20 at 59, 123, 151. Administrative Law Judge ("ALJ") Seth Grossman issued an unfavorable decision on November 20, 2019, finding Plaintiff not disabled, and the Appeals Council subsequently declined to assume jurisdiction over Plaintiff's appeal.  *Id.* at 380-405.  On November 27, 2020, Plaintiff filed a Complaint against the Commissioner of Social Security ("Defendant" or "the Commissioner"), Compl., ECF No. 1, and on December 8, 2021, Plaintiff and the Commissioner filed cross-motions for judgment on the pleadings.  Pl. Mot., ECF No. 21; Def. Mot. ECF No. 22.  For the following reasons, the Court hereby DENIES Plaintiff's Motion at ECF No. 21, GRANTS Defendant's Motion at ECF No. 22, and AFFIRMS the decision of the ALJ.

I.       **BACKGROUND**

On November 10, 2013, Wanda Tate ("Plaintiff") protectively filed for social security disability insurance ("SSDI") benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 301-1307 (1940).  Administrative Transcript ("Tr."), ECF No. 20 at 59.  Specifically, Plaintiff alleges disability due to pain in her left shoulder, left knee, neck, and lower back,  with a disability onset date of December 4, 2012.  *Id.* at 123, 151.

On August 10, 2015, Administrative Law Judge ("ALJ") Michael Friedman issued an unfavorable decision and denied Plaintiff's application for SSDI benefits.  *Id.* at 20-28.  On November 2, 2017, Plaintiff and Nancy A. Berryhill, in her capacity as Acting Commissioner of Social Security, filed a stipulation in the Eastern District of New York, agreeing to remand

Plaintiff's claim for SSDI benefits for further administrative proceedings to "(1) reevaluate the nature and severity of Plaintiff's knee and cervical impairments; (2) reconsider the opinions of Drs. Paul Ackerman and Matthew Clarke; and (3) reassess Plaintiff's residual functional capacity [("RFC")][,]" which the Honorable Judge Carol Amon subsequently So-Ordered. *Id.* at 513-14; *Tate v. Berryhill*, 17-CV-0856 (E.D.N.Y. Nov. 8, 2017) (Amon, J.), ECF No. 15.

ALJ Seth Grossman was assigned to review Plaintiff's claims on remand. Tr. at 388-405 (ALJ Grossman's decision). As part of his review, ALJ Grossman updated the administrative record and held hearings, at which Plaintiff, medical expert Dr. John Kwock, M.D., and vocational expert ("VE") Andrew Vaughn testified. *Id.* at 413-505 (October 7, 2019 hearing transcript). ALJ Grossman issued his decision on November 20, 2019, finding Plaintiff not disabled from her alleged disability onset date, December 4, 2012, through her date last insured, September 30, 2016. *Id.* at 388-405.

The Appeals Council subsequently declined to assume jurisdiction over Plaintiff's appeal, and the Commissioner took no further action. *Id.* at 380-88. On November 27, 2020, Plaintiff filed a complaint challenging the ALJ's unfavorable decision, Compl., ECF No. 1, and on December 8, 2021, both Plaintiff and the Commissioner of Social Security ("Defendant" or "the Commissioner") filed cross-motions for judgment on the pleadings. Pl. Mot., ECF No. 21; Def. Mot., ECF No. 22. This Court has jurisdiction to review Plaintiff's instant claims, and the parties' cross motions, pursuant to 42 U.S.C. § 405(g). It does so now.

## II.    STATEMENT OF FACTS

The evidence in this case is undisputed. The Court adopts Defendant's factual recitation. Def. Mem., ECF No. 22-1, at 2-13.

III.   **LEGAL STANDARD**

A.   The Standard for Entitlement to Disability Benefits

To be eligible for SSDI benefits under Title II of the SSA, an individual must be disabled as defined in 42 U.S.C. § 423(c)(1).  For SSDI purposes, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months."  *Id.* § 423(d)(1)(A).  The impairment in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

The Commissioner evaluates disability claims using the five-step sequential process set forth in 20 C.F.R. § 416.920.  *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i).  If so, the claim will be denied without further review.  If not, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment."  *Id.* § 416.920(a)(4)(ii).  If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 to 20 C.F.R. Part 404 ("the Regulations"), Subpart P ("the Listings").  *Id.* § 416.920(a)(4)(iii).  If the claimant's impairment does not match any of the Listings, the fourth step requires the Commissioner to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform their past relevant work.  *Id.* § 416.920(a)(4)(iv).  If the claimant can perform their past relevant work, the claimant is not disabled.  If, however, the claimant cannot perform their past relevant work, the fifth and final step is to determine whether

the claimant can perform any job existing in the national economy, considering his or her RFC and other vocational factors, such as work experience, age, and education.  *Id.* § 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four.  *Rosa v. Callahan*, 168 F.3d 72, 77-78 (2d Cir. 1999).  The burden shifts to the Commissioner at the fifth step.  *Id.*; *see also Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

B.    The ALJ's Decision

ALJ Grossman's decision followed the five-step process outlined above.  At step one, ALJ Grossman found Plaintiff had not engaged in substantial gainful activity from her alleged disability onset date through her date last insured (December 4, 2012—September 30, 2016).  Tr. at 394.  At step two, the ALJ determined Plaintiff had the following severe impairments:  cervical herniated disc; left shoulder joint derangement, status post-surgery; left knee meniscus tear, status post-surgery; and lumbar radiculopathy, status post lumbar rhizotomy.  *Id.* at 394.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1 ("the Regulations" or "the Listings").  *Id.* at 394-95.  At step four, the ALJ determined Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) with some exceptions.  *Id.* at 395-402.  Specifically, the ALJ determined Plaintiff is limited to only occasionally (1) climbing ladders, ropes, and scaffolds, (2) balancing, kneeling, crouching, and crawling, and (3) lifting overhead.  *Id.*  Also at step four, the ALJ found Plaintiff was capable of performing her past relevant work as a dispatcher, reasoning this work did not require the performance of any work-related activities precluded by her RFC.  *Id.* at 403 (referencing 20 C.F.R. 404.1565).  Finally, at step five, the ALJ determined Plaintiff could perform other work existing in significant numbers in the national economy.  *Id.* at 404.  Accordingly, ALJ Grossman concluded Plaintiff was not disabled at both steps four and five.  *Id.* (the ALJ referenced VE

4

Vaughn's testimony, during which he stated Plaintiff was able to hold the following positions while accounting for her RFC: cashier, ticket sales, office or station agent (Dictionary of Occupational Titles ("DOT") 211.467-030), representing approximately 1 million jobs nationally; storage facility rental clerk (DOT 295.367-026), representing approximately 239,000 jobs nationally; and information clerk (DOT 237.367-018), representing approximately 681,000 jobs nationally).

C.      The Standard of Review

When a claimant challenges a denial of disability benefits by the Social Security Administration ("SSA"), the court's function is not to evaluate *de novo* whether the claimant has a disability. *Butts v. Barnhart*, 388 F.3d 377 (2d Cir. 2004). Rather, the court must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Id.* at 384; *see also* 42 U.S.C. § 405(g). Substantial evidence in this context is "more than a mere scintilla." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted).

The reviewing court must examine the entire record, weighing the evidence on both sides, to ensure the Commissioner has fairly evaluated a claim. *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (referencing *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)). In doing so, the court will assess whether the ALJ has "consider[ed] all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, 13-CV-3285, 2014 WL 4273321, at *12 (E.D.N.Y. Aug. 28, 2014) (Brodie, J.) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370–71 (2d Cir. 2012) (summary order)). That said, it is the role of the Commissioner, not the courts, to weigh the conflicting evidence in

the record and resolve any conflicts. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012); *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). The ALJ need "not resolve every conflict in the record[.]" *Calzada v. Astrue*, 753 F. Supp 250, 268–69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation and alterations omitted). However, the ALJ must set forth with sufficient specificity "the crucial factors in any determination . . . to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Id.* In addition, the ALJ must evaluate every medical opinion on record. 20 C.F.R. § 404.1527(c)(1), but he or she is directed to "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of medical source who has not examined [the claimant]." *Id.* ALJs generally meet this burden so long as they "address all pertinent evidence" and "adequately explain [their] reasoning in making the findings on which [their] ultimate decision rests[.]" *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269).

## IV.   <u>DISCUSSION</u>

Plaintiff moves for judgment on the pleadings on the grounds ALJ Grossman's RCF determination is unsupported by substantial evidence. Pl. Mem., ECF No. 21-1 at 4. Specifically, Plaintiff argues the ALJ failed to properly weigh the opinions of treating physicians Paul Ackerman, M.D. and Matthew Clarke, M.D. and therefore his decision to deny Plaintiff's claims is inadequately substantiated. *Id.* Defendant, on the other hand, argues substantial evidence supports the ALJ's five-step disability analysis. *See generally* Def. Mem., ECF No. 22-1. Defendant also claims the ALJ properly evaluated Plaintiff's allegedly disabling impairments and the opinion evidence and reached an RCF supported by substantial evidence. *Id.*

In essence, the crux of the parties' dispute concerns their disagreement over whether the ALJ complied with the so-called "treating physician rule." 20 C.F.R. § 404.1527(c)(2) ("the

6

Rule").  This Rule requires the Social Security Administration ("Administration") to give controlling weight to a treating physician's medical opinion as long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  *Id.*; *see also* Social Security Rule ("SSR") 96-2p (requiring the Administration to defer to a treating physician's opinion in the event it cannot give the treating source controlling weight).  The Rule no longer applies to newly filed claims for disability insurance.  82 F.R. 5844, 5869 (Jan. 18, 2010) (the Administration modified the Rule to remove the requirement that ALJs give controlling weight to treating physicians' opinions).  However, it does still apply to claims filed before March 27, 2017, including Plaintiff's here.  Tr. at 59 (Plaintiff filed her SSDI claims on November 10, 2013).  Accordingly, Plaintiff argues ALJ Grossman erroneously determined Dr. Ackerman's and Dr. Clarke's opinions warranted only little weight.  Pl. Mem. at 20-22 (Plaintiff's analysis regarding Dr. Clarke's opinion); Tr. at 401-02 (the ALJ's decision to give Dr. Ackerman's and Dr. Clarke's opinions "little weight").  Meanwhile, Defendant argues the ALJ sufficiently justified his decision in this respect, Def. Mem. at 15-25.

The Court will now address the ALJ's analysis of each of these medical opinions in turn.

A.    Dr. Paul Ackerman

Plaintiff argues ALJ Grossman inadequately assessed Dr. Ackerman's opinion and that such error warrants remand.  Pl. Mem. at 17-20.  In so saying, Plaintiff claims the ALJ failed to adequately (1) acknowledge the "long treating relationship Plaintiff had to Dr. Ackerman[;]" (2) consider Dr. Ackerman's relevant specialization as an orthopedic surgeon; and (3) weigh Plaintiff's medical history against Dr. Ackerman's treatment notes *as a whole*, in accordance with the Administration's rules and courts' interpretation thereof.  *Id.* (referencing *Matthew A. Soto v. Commissioner of Social Security*, 20-CV-2077, 2021 WL 4033781, at *7 (E.D.N.Y. Sept. 2, 2021)

(Chen, J.) (finding remand appropriate under the treating physician rule where the ALJ did not properly consider the time the treating physician spent with the plaintiff or the treating physician's status as a specialist); *Brady v. Colvin*, 14-CV-5773, 2016 WL 1448644, at *11 (E.D.N.Y. Apr. 12, 2016) (Spatt, J.) (same); *Cummings v. Comm'r of Soc. Sec.*, 19-CV-2071, 2020 WL 4227536, at *10 (E.D.N.Y. July 23, 2020) (Kuntz, J.) (finding remand appropriate under the treating physician rule where the ALJ appeared to "cherry-pick" from the record without adequate justification)).

Defendant takes a different view.  First, Defendant argues generally the ALJ properly (1) incorporated into Plaintiff's RFC those restrictions he found consistent with the record as a whole; (2) considered Plaintiff's pain had improved with treatment; and (3) balanced Plaintiff's pain assessments and her doctors' examination findings against the medical expert's testimony and his citations to the record.  Def. Mem. at 19-22.  As to Dr. Ackerman, specifically, Defendant argues the ALJ sufficiently: (1) considered the doctor's expertise; and (2) provided good reasons supported by substantial evidence for granting only little weight to Dr. Ackerman's opinion in light of Plaintiff's entire medical record.  *Id.* (referencing Tr. 396-99, 401 (the ALJ's assessment of Dr. Ackerman's treatment notes and his acknowledgement that Dr. Ackerman is a treating physician); *id.* at 20 (comparing Dr. Ackerman's opinion regarding Plaintiff's mobility and strength at Tr. 401 with other doctors' contemporaneous and conflicting findings of the same at Tr. 238, 239, 245, 313, 316, 319, 322, 401, 847, 872) (noting further "[i]nconsistency with the other record evidence is an important factor in deciding the weight accorded to medical opinion." (referencing *Michels,* 297 F. App'x at 75-76; 20 C.F.R. § 404.1527(c)(4)))).

The Court agrees with Defendant.  As the ALJ reasoned, Plaintiff's medical history is not entirely consistent, and Dr. Ackerman's assessment of Plaintiff's condition is more limiting than

her record suggests, when viewed as a whole. Tr. 401 ("Although rendered by a treating provider, the opined limitations are inconsistent with the records and the opinion of the independent medical expert … the records do not support that claimant could lift only 5 pounds … limitations to [h]andling and fingering are not supported … [t]he records do not show that the claiming was limited to standing less and 1 hour in an 8-hour workday. The records show that the claimant generally had a normal gait, and at worst had a slight limp, until the September 2016 examination. Knee and lumbar range of motion were somewhat diminished, but lower extremity strength was full and straight leg raise testing was consistently negative. The opinion is not consistent with the medical evidence."); *see also id.* at 395-400 (ALJ Grossman's thorough review of Plaintiff's medical history and records).

It is not enough merely that some evidence in Plaintiff's medical records support Dr. Ackerman's disability assessment.  Courts are clear on this matter: even where the Rule is operative, the statutory standard of review in social security cases is highly deferential to the presiding ALJ.  *See Ingrassia v. Colvin,* 239 F. Supp. 3d 605, 623 (E.D.N.Y. 2017) (Spatt, J.) (acknowledging the statutory standard in social security contexts is highly deferential in the context of reviewing an ALJ's disability determination before the Administration modified the treating physician rule) ("This deferential standard applies not only to factual determinations, but also to inferences and conclusions drawn from such facts.").  *See also Pena v. Barnhart*, 01-CV-502, 2002 WL 31487903 at *7, (S.D.N.Y. Oct. 29, 2002) (Freemen, M.J.) (citing *Levine v. Gardner*, 360 F.2d 727, 730 (2d Cir. 1966)) (articulating this standard); *Halloran*, 362 F.3d at 32 ("Although the treating physician rule generally requires deference to the medical opinion of a claimant's treating physician, ... the opinion of the treating physician is not afforded controlling weight where ... the treating physician issued opinions that are not consistent with other substantial

evidence in the record, such as the opinions of other medical experts.") (citations omitted)); *Cabibi v. Colvin*, 50 F. Supp. 3d 213, 234 (E.D.N.Y. 2014) (Spatt, J.) (same). ALJ Grossman carefully considered Dr. Ackerman's assessments in light of Plaintiff's record as a whole, and he issued a thoughtful and well-reasoned determination evincing this fact. Accordingly, the Court finds the ALJ's review of Plaintiff's medical records, his analysis of Dr. Ackerman's findings, and his decision to give little weight to Dr. Ackerman's disability assessment are supported by substantial evidence and do not warrant remand.

B.    Dr. Matthew Clarke

As to Dr. Matthew Clarke, Plaintiff argues the ALJ failed to "explicitly consider, *inter alia*, (1) the frequency, length, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence and (4) whether the physician was a specialist[,]" in deciding not to give Dr. Clarke's opinion controlling weight. Pl. Mem. at 21 (quoting *Roberto v. Saul*, 20-CV-1923, 2021 WL 3912298, at *3 (E.D.N.Y. Sept. 1, 2021) (Donnelly, J.) (referencing *Selian v. Astrue*, 708 F .3d 409, 418 (2d Cir. 2013))). Plaintiff argues further the ALJ's decision to give little weight to Dr. Clarke's disability assessments is particularly harmful as Dr. Clarke believed Plaintiff was unable to perform sedentary work, contrary to the ALJ's findings at steps four and five. Pl. Mem. at 22.

Defendant counters Plaintiff by stating: "[t]he ALJ considered that while Dr. Clarke was a treating provider, [his] opinion warranted only little weight because it was inconsistent with the treatment evidence…It was also drastically inconsistent with the professional insights of the medical expert, who reviewed the entire record." Def. Mem. at 22 (referencing Tr. 313, 316, 319, 360, 402, 847, 872 (contradictory medical treatment evidence); *Michels v. Astrue*, 566 F. App'x 74, 75-76 (2d Cir. 2008) (finding medical opinions which are inconsistent with other record

10

evidence warrant less weight); 20 C.F.R. § 404.1527(c)(4) (same)). Moreover, as to the ALJ's assessments of both Dr. Ackerman's and Dr. Clarke's opinions, Defendant also notes remand is not appropriate on the basis the ALJ failed to provide a thorough discussion of the regulatory factors outlined *supra* "because the ALJ 'provided good reasons for his weight assessment' and 'a searching review of the record assures the reviewing court that the substance of the treating physician rule is not traversed.'" Def. Mem. at 23 (citing *Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2019) (internal citation omitted), and *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (finding "where the ALJ's reasoning and adherence to the regulation  [is] clear[,]" the law does not require "such slavish recitation of each and every factor[.]" (internal citation omitted))).

For the same reasons the Court addressed above regarding the ALJ's analysis of Dr. Ackerman's assessment, the Court finds ALJ Grossman's review of, and decision to give little weight to, Dr. Clarke's opinion is supported by substantial evidence and thus not grounds for remand.

## V.   CONCLUSION

For the foregoing reasons, the Court hereby AFFIRMS the decision of the Social Security Administration. Accordingly, Defendant's Motion for Judgment on the Pleadings, ECF No. 22, is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings, ECF No. 21, is DENIED. The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED

**s/ WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2023
        Brooklyn, New York